THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL H. THURSTON, Respondent, v. THE BOARD OF TOWN AUDITORS OF THE TOWN OF ELMIRA, Appellant.

*Board of town auditors — must pass specifically upon the items of which a bill is composed.*

Where a claim, consisting of separate items, is presented for audit to a board of town auditors it is the duty of the said board to examine each of the items separately, and allow or disallow the same accordingly as it shall be found correct or incorrect.

It is error for the board in such a case to deduct a gross sum from the amount of the claim, without passing upon or specifically altering any of the items of which it is composed.

APPEAL from an order made at Special Term directing a peremptory writ of mandamus to issue requiring the defendant, when next convened at a legal meeting, to audit a claim of the relator

against the town of Elmira, for services rendered by the relator as one of the commissioners of highways thereof.

*John T. Davidson*, for the appellant.

*John A. Reynolds*, for the respondent.

*Per Curiam:*

The statute makes it the duty of the board of town auditors, of the several towns of the State, to meet and audit all charges and claims payable by their respective towns. It prescribes the time for presentation and the mode of verification of all such claims. It also declares that nothing contained in the law shall prevent the board from disallowing any account in whole or in part, although rendered in due form and properly verified; nor from requiring other or further evidence of its truth and propriety. No mode is prescribed by the statute as to the manner in which the board shall conduct its inquiry in obtaining evidence as to the truth and propriety of the account submitted for audit. Thus it is seen that the action of the board in the auditing of bills is, to a considerable extent, discretionary as well as judicial. The *per diem* allowance to commissioners of highways for services performed by them is fixed by statute at two dollars. From such allowance the board of auditors may not depart; but the number of days of service claimed is open to examination by that body. This is a question of fact, the truth of which the board may inquire into; and this question of fact the board must determine, in order to make the audit of the account. On this point the case is similar to the case of *The People ex rel. Francis* v. *The Common Council of the City of Troy*, recently decided by the Court of Appeals. It was there decided that where the question to be determined by a public body is one of fact, and there is no particular mode prescribed by law for determining the fact, the action of such body cannot be controlled by mandamus further than to require it to exercise its power in that regard. The question here is, therefore, whether the board of auditors did in this case actually examine, consider and pass upon the relator's account, by determining the number

of days service which he rendered to the town as highway commissioner. If the board has performed this duty it is not amenable to the process of mandamus. If not, the writ was properly granted. The board was not bound by the number of days service charged in the bill. But, in order to a proper and legal audit of the account, the board must examine the bill in detail and allow or disallow the various items. It would be no proper or just audit of an account made up of numerous items to allow a gross sum instead of considering and passing upon the items. This was held in *The People ex rel. Johnson* v. *The Board of Sup. of Del. Co.* (45 N. Y., 196). Now, in the case in hand, it seems that the board of auditors concluded and determined that thirty-four dollars, as a gross sum, would be a sufficient compensation for the services of the relator as highway commissioner during the period covered by his account. The board, therefore, allowed his account in gross at that sum. The bill was for twenty-seven days service and specified the particular service rendered, and gave dates. But, although the sum of twenty dollars was deducted from the bill, no deduction was made for any specific day. The sum of twenty dollars was deducted in gross, not because any particular day was erroneously or improperly charged in the bill, but because the board concluded that thirty-four dollars in gross should satisfy the claim. This proceeding was in no just sense a legal audit. This precise question was decided in the case last cited. A legal and proper auditing of an account requires an examination of the items of which it is composed, and the allowance or disallowance of them, accordingly as they shall be found correctly or incorrectly charged, both in fact and law.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ

Order affirmed, with ten dollars costs and printing.